UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PRECISION TACTICAL ARMS COMPANY, LLC**,

    Petitioner,

v.                                                                                        Case No. 3:23cv7752-TKW-HTC

**AARON GERBER**,

    Respondent.

_____/

## ORDER DENYING TEMPORARY RESTRAINING ORDER

Yesterday, after 5:00 p.m., Petitioner filed a petition for judicial review of the revocation of its federal firearm license (FFL) along with a motion for temporary restraining order (TRO) or preliminary injunction (PI) to stay the effect of the revocation order until this case is resolved. *See* Docs. 1, 2. Absent the Court issuing a TRO or PI, the revocation decision will go into effect on April 9, 2023,[1] and Petitioner will lose money (and potentially go out of business) because it will not be able to continue selling firearms.

Respondent has not yet been served with process in this case, and it has not had an opportunity to respond to the motion for a TRO or PI. However, the Court

---

[1] The revocation decision was issued on March 7, 2023, and Petitioner was initially given 60 days to conclude operations before it went into effect, *see* Doc. 1 at 88, but on March 21, 2023, that period was shortened to 30 days, *id.* at 106.

has the authority to issue a TRO without notice to the opposing party if (A) the movant "clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (B) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Here, the petition and the affidavit attached to the motion explain the irreparable harm Petitioner will suffer if the revocation of its FFL goes into effect on April 9, and the motion explains the efforts made by Petitioner's attorney to give notice to Respondent.  Thus, the motion complies with the procedural requirements in Fed. R. Civ. P. 65(b)(1).

That said, the Court is not persuaded that a TRO is appropriate.  Respondent's revocation decision was predicated on findings that Petitioner had "willfully" violated regulations governing firearm sales.  *See* 18 U.S.C. §923(e); 27 C.F.R. §478.1, et seq.  Although Petitioner argues that the revocation of its FFL was improper because Respondent did not sufficiently prove that the violations were "willful," that is not enough to support the issuance of a TRO.

"A TRO … is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the TRO … is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO … would cause to the non-movant; and (d) the TRO … would not be averse to the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35

(11th Cir. 2001) (quoting *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985)).  The first factor—likelihood of success on the merits—is "generally the most important."  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005).

Here, Petitioner failed to demonstrate that it has a substantial likelihood of success on the merits of the petition—particularly since it appears to be undisputed that Petitioner was previously cited for committing the same violations in the past (*see* Doc. 1 at 95) and the Eleventh Circuit has held that a FFL licensee's "repeated violations after it has been informed of the regulations and warned of violations does show purposeful disregard or plain indifference."  *Willingham Sports, Inc. v. ATF*, 415 F.3d 1274, 1277 (11th Cir. 2005).  Moreover, based on the number and repeated nature of the violations, Petitioner failed to demonstrate that a TRO staying the effect of the revocation decision would not be averse to the public interest.[2]  On balance, these considerations outweigh the monetary harm that Petitioner will suffer if a TRO staying the effect of the revocation order is not issued.

For these reasons, Petitioner's motion for a TRO is due to be denied.  The alternative request for a PI is premature because Respondent did not receive notice

---

[2] The Court did not overlook Petitioner's argument that staying the effect of the revocation decision will promote the Second Amendment by "ensur[ing] that the local community will still have a place to lawfully exercise their rights to acquire firearms," but the Court finds it hard to believe that Petitioner's store is the only one in the Crestview area that sells firearms, and Petitioner does not point to any evidence of record suggesting otherwise.

of the motion until April 6, 2023, *see* Doc. 2 at 12, and it has not yet had an opportunity to respond. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). Accordingly, it is **ORDERED** that:

1. Petitioner's motion for a TRO or PI (Doc. 2) is **DENIED in part** (insofar as it is seeking a TRO) and **DEFERRED in part** (insofar as it is seeking a PI).

2. The Clerk shall mail a copy of this Order to Respondent at the address provided in the motion (Doc. 2 at 12) and Petitioner shall also email a copy of this Order to Respondent's attorney.

3. Respondent shall have 14 days from the date of this Order to respond to the motion for a PI.

4. The Court will schedule a hearing on the motion for a PI on an expedited basis if the Court deems that a hearing is necessary after reviewing Respondent's response.

**DONE and ORDERED** this 7th day of April, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**