# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

PRECISION TACTICAL       )    Case No.: 3:23-CV-07752
ARMS COMPANY, LLC,     )
                             )
       Petitioner,       )
                             )
   v.                   )
                             )
AARON GERBER,       )
In his Official Capacity as Director of   )
Industry Operations for the Tampa Field  )
Division of the Bureau of Alcohol, Tobacco, )
Firearms & Explosives      )
                             )
       Respondent.     )

_____

## MOTION FOR LEAVE TO FILE REPLY MEMORANDUM

In accordance with N.D. FLA. LOC. R. 7.1(I) the Petitioner respectfully

moves for leave to file a reply memorandum in support of its Motion for

Temporary Restraining Order and Preliminary Injunction with Supporting

Memorandum ("Motion for Injunction"). If the Court grants this motion, the

Petitioner proposes that it be required to submit its reply within seven days of the

Court granting this motion. Petitioner's reply would address specific limited

points raised in both this Court's Order Denying Temporary Restraining Order

[ECF.5] and Respondent's Response to the Motion for Injunction submitted

1

yesterday evening[1]. Further, this is an extraordinary circumstance. As discussed more fully in Petitioner's Motion for Injunction, an injunction is critically important to the Petitioner in this case because it may ultimately determine whether the Petitioner can even continue this appeal process at all and ever have its "day in court".

## MEMORANDUM IN SUPPORT

Petitioner seeks leave pursuant to N.D. FLA. LOC. R. 7.1(I) to file a reply memorandum in support of its Motion for Injunction. Petitioner's reply would benefit the Court and parties because it would more fully address (1) the Court's role in conducting a *de novo* review of ATF's one-sided hearing process, (2) the determinative willfulness standard in the context of repeat violations, and (3) certain points from ATF's Response that mischaracterize the potential impact of Petitioner's compliance violations on public safety. Further, as more fully explained in Petitioner's Motion, an injunction is critical to its very existence and ability to pursue this appeal and have its day in court as permitted by law. [ECF.2, pp. 8-9].

---

1       It is important to note that, it has been counsel's experience that ATF has historically exercised its discretion under 27 C.F.R. § 478.78 to grant stays pending the outcome of judicial review as a matter of policy and it has been rare that a party in Petitioner's position has had to obtain injunctive relief from the court. However, similar to the "Zero Tolerance Policy" outlined in Exhibit B to Petitioner's Petition[ECF.1, pp.52-64], it may be that ATF has a new policy on stays. We do not know because ATF often does not disclose its policies publicly.

1. **Petitioner's Reply Will Address the Court's Role in Conducting a *De Novo* Review of ATF's One-Sided Hearing Process.**

The Court plays a vital role in protecting Petitioner's rights. ATF hearings are not considered "hearings on the record" under the Administrative Procedures Act because the results of the hearings are subject to *de novo* judicial review. *Townson v. Garland*, 2022 U.S. Dist. LEXIS 208832, *24. Thus, ATF fully controls the proceedings, ATF has the final say on what questions can be asked and answered, no one is under oath, and ATF itself serves as the judge, jury, and executioner.

It is clear from the Response in Opposition that ATF improperly views the Court's role in this process as a simple rubber stamp on its decision. However, the Court's *de novo* role plays a critical role in this process and marks the first time that full due process requirements are guaranteed. Thus, the Court's role should not be minimized, and Petitioner's reply will benefit the Court and parties by more fully addressing this issue.

2. **Petitioner's Reply Will Address the Determinative Willfullness Standard in the Context of Repeat Violations.**

All parties agree that Petitioner's likelihood of success on the merits is a relevant factor for the Court's evaluation of Petitioner's Motion for an Injunction. Given the Court's concerns regarding this factor stated in the Order Denying Temporary Restraining Order [ECF.5] and the Respondent's Response in

Opposition, Petitioner believes it would serve the Court if it were given the opportunity to provide additional briefing on this issue. Just yesterday, a Federal Court in Minnesota issued a preliminary injunction staying a revocation over ATF's objection. *Streicher's, Inc. v. Hummel*, 2023 U.S. Dist. LEXIS 68898, *20. In its decision the court found the movant needed to demonstrate a "fair chance of prevailing on its claims" and that an injunction may be granted if the other three factors strongly favor the moving party if the movant has raised serious and difficult questions that call for more deliberate investigation. *Id*. at *10.

Against this background, repeat violations can certainly constitute evidence of willfulness, but they are not a proverbial magic bullet which automatically prove willfulness particularly given the strong evidence to the contrary which exists in this case. *Jim's Pawn Shop, Inc. v. Bowers, 2008 U.S. Dist. LEXIS 97199, *21.*

**3. Petitioner's Reply Will Address Certain Points From ATF's Response that Mischaracterize the Potential Impact of Petitioner's Compliance Violations on Public Safety.**

Petitioner's Reply will address inaccuracies regarding the violations in Respondent's Response to the Motion for Injunction. For example, Respondent cites the harmful impact of some of Petitioner's violations on the traceability of firearms, but ATF's Industry Operations Investigator admitted at the hearing that the violations would likely not impact the traceability of firearms. [Tr. p. 91, ln. 1-6]. The Response further states that Petitioner failed to run a NICS background

4

check on a customer when in actuality it did run a NICS background check (which was approved), but it simply expired before the firearm was transferred. Petitioner requests the opportunity to fully counter these and other assertions from Respondent's Response.

For the reasons stated above, Petitioner believes this is an extraordinary circumstance and requests that the Court grant it leave to file a reply in support of its Motion for Injunction and that it be given seven days from the grant of this motion to submit that reply.

Respectfully submitted,

/s/ Michael Truman
Michael A. Truman, Ohio Bar Number - 0092506
CHESHIRE DEBROSSE, P.C.
7240 Muirfield Dr., Suite 160
Dublin, OH 43017
Telephone: 888.399.7863 | Fax: 888.271.6215
michael@munitionsgroup.com
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Michael Truman